

**KAY IVEY**
GOVERNOR

# State of Alabama
# Department of Corrections

Alabama Criminal Justice Center
301 South Ripley Street
P. O. Box 301501
Montgomery, AL 36130-1501
(334) 353-3883



**JEFFERSON S. DUNN**
COMMISSIONER

November 16, 2021

Clerk of the Court
Jefferson County Courthouse
Probate Court
1801 3rd Avenue North
Bessemer, AL 35020

  Re: James William Sales, AIS 278544C v. Alabama Department of Corrections, et al.

  Attached is a court order directing the Alabama Department of Corrections (ADOC) to provide notice of the death of former ADOC inmate, James William Sales, to the appropriate county administrator.

  Mr. Sales passed away at W. E. Donaldson Correctional Facility in Bessemer, Alabama. The ADOC has identified the appropriate county administrator to be the Probate Court of Jefferson County.

  Please acknowledge receipt of this letter with the attached order and death notice.

            Sincerely,

            Stephanie Smithee
            Assistant Attorney General
            Alabama Department of Corrections
            301 S. Ripley Street
            Montgomery, AL 36104
            Stephanie.Smithee@doc.alabama.gov
            334-353-3857

Enclosures

ABI-25

# DEATH NOTICE

ALABAMA BUREAU OF INVESTIGATION
IDENTIFICATION UNIT
BOX 1511
MONTGOMERY, ALABAMA 36130

DATE 5-3-21

## ATTENTION: IDENTIFICATION UNIT

Dear Sir:

The following is the record of a death of an individual whose fingerprints are on file in the Identification Unit of the ABI:

| Name (Last, first, middle) | Date fingerprints submitted |
|---|---|
| Sales, James William | |

| Aliases | Other identifying information (Armed Service enlistment no., etc.) |
|---|---|
| | AIS# 00278544C |

| Sex | SID Number | |
|---|---|---|
| ☒ Male ☐ Female | Contributor's No. (Original) AL003025C | RACE Black<br>SS # ████014 |

| Date of birth | Place of birth | Fingerprint Classification |
|---|---|---|
| ██91 | Alabama | |

| Date of death | Cause of death |
|---|---|
| 4-13-21 | Natural |

Post Death Notice in Record on Authority of:

State of Alabama
Department of Corrections
Central Records Office
P O Box 301501
Montgomery, AL 36130

Name: Alcornelia Young  KB

Contributor and Address

This form can be used by a Law Enforcement Agency when it receives accurate and positive information concerning the death of an individual whose fingerprints are in the file of the ABI. As a general rule in those cases where a Law Enforcement Agency is investigating a death the ten inked impressions should be taken on a regular fingerprint card.

QC'D by MW

Case 2:21-cv-00388-AKK-JHE   Document 13-2   Filed 11/16/21   Page 3 of 8

Case 2:21-cv-00388-AKK-JHE   Document 12   Filed 10/01/21   Page 1 of 5

FILED
2021 Oct-01 PM 02:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES WILLIAM SALES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:21-cv-00388-AKK-JHE |
| LT. CARL SANDERS, et al., | ) ) ) |
| Defendants. | ) |

ORDER ON STATEMENT OF DEATH

Plaintiff James William Sales filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1). Sales named as defendants Warden Peters, Lieutenant Carl Sanders, Sergeant Corbin Tunstall, and Correctional Officer R. Gaines. (*Id.* at 2–3). On August 30, 2021, General Counsel for the Alabama Department of Corrections notified the court that Sales is deceased. (Doc. 11). According to the death notice, Sales died on April 13, 2021. (Doc. 11-1).

I. Analysis

When a party dies, his claim is not automatically extinguished. *See* Fed. R. Civ. P. 25. Instead, Rule 25(a)(1) of the Federal Rules of Civil Procedure provides for substitution "by the decedent's successor or representative." Under the rule, a motion for substitution must be made within 90 days after service of a statement noting the death. Despite the mandatory language of Rule 25(a), the court has substantial discretion to interpret the rule liberally so as to effectuate its underlying purpose. *See Hall v. Infirmary Health Sys.*, No. 06-cv-791, 2008 WL 1774164, at *1 (S.D. Ala. Apr. 15, 2008). Rule 25(a) is not meant to be used as a procedural mechanism to bar otherwise meritorious actions. *See Bessent v. Nat'l Hous. P'ship*, No. 1:06-cv-008, 2008 WL 1744925, at *2 (N.D. Fla. Apr. 11, 2008). Instead, its driving purpose is to ensure that all those

having a legal interest in the pending suit are aware of the party's death and are alerted to act to preserve their respective rights. *Schmidt v. Merrill Lynch Tr. Co.*, No. 5:07-cv-382, 2008 WL 2694891, at *3 (M.D. Fla. June 30, 2008).

The first question is whether Sales's claims against the defendants survive his death.

### A. Survival of Plaintiff's Claims

The survival of a claim brought pursuant to 42 U.S.C. § 1983 is dependent on the law of the forum state. *See Estate of Gilliam ex rel. Waldroup v. City of Prattville*, 639 F.3d 1041, 1045–46 (11th Cir. 2011) ("By its terms, 42 U.S.C. § 1983 does not provide for the survival of civil rights actions. Due to this 'deficiency' in the statute, the survivorship of civil rights actions is governed by 42 U.S.C. § 1988(a)[ ]" and "[t]hat statute generally directs that, where federal law is 'deficient,' the state law of the forum applies as long as it is 'not inconsistent with the Constitution and the laws of the United States.'") (quoting *Robertson v. Wegmann*, 436 U.S. 584, 588–89 (1978)).

The Alabama survival statute states:

> In all proceedings not of an equitable nature, all claims upon which an action has been filed and all claims upon which no action has been filed on a contract, express or implied, and all personal claims upon which an action has been filed, except for injuries to the reputation, survive in favor of and against personal representatives; and all personal claims upon which no action has been filed survive against the personal representative of a deceased tort-feasor.

ALA. CODE § 6-5-462.

Sales alleged in his complaint that on April 9, 2020, Tunstall sprayed him with mace six times, pulled him out of a suicide cell, and punched him. (Doc. 1 at 5, 11–12). Sales further alleged he fell onto Gaines, who pushed him to the ground and kicked him in his mouth. (*Id.* at 12). Thereafter, another correctional officer advised that she needed to search Sales. (*Id.* at 12). Sales asserted that the officer opened his smock, spread his buttocks apart, and Tunstall placed a

2

baton in Sales's anus and kicked the baton inside of him. (*Id.* at 12–13). The officers removed the baton and Sanders slapped Sales's face twice and punched him in the face twice. (*Id.* at 13). Sales contended he suffered a "broken plate" in his lower jaw and a hernia as a result of the defendants' actions. (Doc. 1 at 5). He sought monetary and injunctive relief and requested criminal charges be brought against the defendants. (*Id.*).

Based on Alabama's survivorship statute, Sales's Eighth Amendment claims for damages against the defendants survive his death.[1] Because Sales's claims are not extinguished, the next step is service of the statement of Sales's death under Fed. R. Civ. P. 25(a)(3).

B. **Statement of Death**

"Filing a suggestion of death on the record has a very narrow role—it commences the 90 day period within which a motion for substitution must be filed." *See Schmidt v. Merrill Lynch Tr. Co.*, No. 5:07-cv-382, 2008 WL 2694891, at *2 (M.D. Fla. June 30, 2008). To effectuate a possible substitution in this case, Sales's personal representative must be notified. A deceased party's personal representative is a "nonparty" who must be personally served pursuant to Federal Rule of Civil Procedure 4 to trigger the 90-day substitution deadline. *Id.* at *3. Requiring personal service on the successor or representative of a decedent's estate ensures that those with the legally cognizable interest in the ongoing litigation (1) receive actual notice of the lawsuit and (2) are made aware of the corresponding substitution requirement. *Id.*

---

[1] Sales's death does render moot his request for injunctive relief. *See Ezell v. Mobile Hous. Bd.*, 709 F.2d 1376, 1380 n.8 (11th Cir. 1983). Additionally, Sales's request that criminal charges be brought against the defendants is due to be denied because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973).

3

Because Sales was proceeding in this case *pro se*, General Counsel for the ADOC will be required to serve both the notice of death and a copy of this order in compliance with Rule 4 on the appropriate county administrator or known personal representative of Sales's estate, and on Sales's next of kin. *See* FED. R. CIV. P. 25(a)(3) (requiring that statement noting death be served on nonparties as provided in Rule 4); FED. R. CIV. P. 4(e)(2) (setting forth methods of personal service); *Schmidt*, 2008 WL 2694891, at *3 (finding that a "deceased party's personal representative is a 'nonparty' who *must* be personally served pursuant to Rule 4"). General Counsel for the ADOC is required to file a report regarding service efforts.

Additionally, pursuant to Rule 25(a), Sales's successor or representative must file a motion for substitution within **90 days** from the date on which he or she is properly served with the statement of death if he or she wishes to be substituted for Sales in this action. *See Schmidt*, 2008 WL 2694891, at *3 ("It is the service, not the mere filing, of the statement noting death that triggers the 90-day period.") (internal quotation marks and punctuation omitted); *Taul ex rel. U.S. v. Nagel Ent., Inc.*, No. 2:14-cv-61, 2019 WL 718714, at *3 (N.D. Ala. Feb. 20, 2019) ("[The] ninety-day period does not begin to run until a notice of death is filed and properly served.") (internal quotation marks omitted). If no motion for substitution is filed within this time, this action may be dismissed. *See* FED. R. CIV. P. 25(a)(1) ("If [a motion for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed."); *see also Butler v. Roberts*, No. 07-cv-37, 2010 WL 2200504, at *1 (S.D. Ala. Apr. 21, 2010) (recommending dismissal of prisoner's lawsuit pursuant to Rule 25(a)(1) where prisoner's next of kin did not file motion for substitution within 90 days of service with suggestion of prisoner's death made by the defendant), *adopted*, 2010 WL 2200539 (S.D. Ala. May 26, 2010).

4

## II. Conclusion

For these reasons, it is **ORDERED** that:

(1) General Counsel for the ADOC shall serve both the notice of death and a copy of this order on the appropriate county administrator or known personal representative of Sales's estate, and on Sales's next of kin, in compliance with Federal Rule of Civil Procedure 4, on or before **November 5, 2021**;

2. General Counsel for the ADOC shall file a report regarding her service efforts on or before **November 12, 2021**;

3. If Sales's successor or representative wishes to be substituted for Sales in this case, he or she shall file a motion for substitution within **90 days** from the date on which he or she is properly served with the notice of death and this order.

DONE this 1st day of October, 2021.

JOHN H. ENGLAND, III
UNITED STATES MAGISTRATE JUDGE

Carrie Ellis McCollum
 Alabama Department of Corrections
Legal Division
301 South Ripley Street
Post Office Box 301501
Montgomery, Alabama 36130-1501